**IT IS ORDERED**

**Date Entered on Docket: August 4, 2020**



_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

EDISON BARTON, SR.
DARLENE R. BARTON

      Debtors.　　　　　　　　　　　　　　Case No. 7-15-12615-TF

### STIPULATED ORDER MODIFYING THE AUTOMATIC STAY AND PROVIDING FOR THE ABANDONMENT OF PROPERTY

    This matter came before the Court on NewRez LLC D/B/A Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon Trust Company, N.A., as successor to BNY Midwest Trust Company, BNY Midwest Trust Company, as successor Harris Trust and Savings Bank, as Trustee, of Bombardier Capital Mortgage Securitization Corporation, Senior/Subordinated Pass-Through Certificates, Series 1999-B's ("**Creditor**"), Motion for Relief from Automatic Stay for the Abandonment of Property, filed on May 20, 2020 (Docket No. 107) (the "**Motion**"), and the Debtors' Response to the Motion for Relief from Automatic Stay for the Abandonment of Property

(the "**Response**") filed on June 9, 2020 (Docket No. 109). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

a. On May 20, 2020, Creditor served the Motion and a notice of the Motion (the "**Notice**") on Gerald R Velarde, Attorney for Debtors, and Tiffany M. Cornejo (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1.

b. The Motion relates to the property located at 1061 Highway 170, La Plata, New Mexico 87418 (the "**Property**"), more fully described as:

> Lot Three (3) of the BECK SUBDIVISION, San Juan County, New Mexico, as shown on the Plat of said Subdivision filed for record November 13, 1998.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

c. The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

d. The Notice was sufficient in form and content;

e. The objection deadline expired on;

f. On June 9, 2020 the Debtors filed a Response to the Motion;

g. This matter came before the Court on July 13, 2020 for a preliminary hearing;

h. As of July 28, 2020 no other party in interest filed a response to the Motion;

i. The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered

Creditor's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1. <u>Post-Petition Default</u>. The Debtors will cure the postpetition arrears in the amount of $12,433.82 by making twelve (12) monthly payments of $1,036.15 each (the "**<u>Stipulated Monthly Payment</u>**").

2. <u>Stipulated Monthly Payments</u>. The Debtor shall timely pay the Stipulated Monthly Payments as follows:

| Due Date | Payment Amount |
|---|---|
| August 15, 2020 | $1,036.17 |
| September 15, 2020 | $1,036.17 |
| October 15, 2020 | $1,036.17 |
| November 15, 2020 | $1,036.17 |
| December 15, 2020 | $1,036.17 |
| January 1, 2021 | $1,036.17 |
| February 15, 2021 | $1,036.17 |
| March 15, 2021 | $1,036.17 |
| April 15, 2021 | $1,036.17 |
| May 15, 2021 | $1,036.17 |
| June 15, 2021 | $1,036.17 |
| July 15, 2021 | $1,036.17 |
| **TOTAL** | **$12,433.82** |

3. Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total post-petition default of $12,433.82 by July 15, 2021. These payments shall include the loan number, made via certified funds and delivered to:

> NewRez LLC d/b/a Shellpoint Mortgage Servicing
> P.O. Box 10826
> Greenville, SC 29603-0826

4. <u>Monthly Note Payments</u>. In addition, Debtors shall continue to timely pay their regular monthly payment due as required by the Note in the amount of $944.86 as they come due

commencing with the July 1, 2020 payment (unless otherwise notified by Creditor), and continuing thereafter (the "**Note Payment**").

5. <u>Notice of Default</u>. In the event the Debtors fails to tender either a Stipulated Monthly Payment or Note Payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel (the "**Notice of Default**").

    a. <u>Cure Period</u>. The Debtors will have ten (10) days from the filing of a Notice of Default to pay the balance due pursuant to the Notice of Default (the "**Cure**").

    b. <u>Default</u>. If the Debtors fail to Cure within ten (10) days of the filing of the Notice of Default, then Debtors shall be in Default (the "**Default**").

    c. <u>Affidavit of Default</u>. If Debtors are in Default, then upon movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

    d. <u>Third Failure to Make Monthly Payment</u>. **The Debtors will only receive two (2) Notices of Default. In the event that the Debtors fails to make either Stipulated Monthly Payment or Note Payment when it becomes due on the Note and Mortgage a third time, Creditor may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Creditor may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.**

6. <u>Trustee Payments</u>.  Upon Default and the filing of an Affidavit of Default with proper notice of the Default to the Trustee, the Trustee shall immediately cease making payments to Creditor pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amend

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the Creditor's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Creditor's Note and Mortgage as described above.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Creditor may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to Creditor pursuant the Confirmed Plan, and any future payment and/or deficiency owed by the Debtors to Creditor after sale of the Property shall be set forth in an Amended Proof of Claim filed by Creditor and shall be subject to the Bankruptcy Code should this bankruptcy continue.  If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon default by Debtors, the filing of the Creditor's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Creditor may

immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By */s/ Michael D. Mazur*
    MICHAEL D. MAZUR
    Attorney for Creditor
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Michael.Mazur@roselbrand.com


APPROVED BY:


By: *Approved via Email on 7/29/2020*
    Gerald R Velarde
    Attorney for Debtors
    2531 Wyoming Blvd NE
    Albuquerque, NM 87112-1027
    Telephone: (505) 248-1828
    velardepc@hotmail.com